IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS MAHAFFEY, FP-9630,<br>    Petitioner, | )<br>)<br>) |
| v. | ) 2:11-cv-781<br>) |
| DAVID VARANO, et al.,<br>    Respondents. | )<br>)<br>) |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Curtis Mahaffey for a writ of habeas corpus be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Curtis Mahaffey and inmate at the State Correctional Institution at Coal Township has presented a petition for a writ of habeas corpus

Mahaffey is presenting serving a life sentence imposed on November 20, 2003 following his conviction, by a jury, of first degree murder and conspiracy to commit first degree murder at Allegheny County Court of Common Pleas, Docket No. CP-02-CR-17548-2002.[1] An appeal was taken to the Superior Court in which the issues presented were:

> I. Did the trial court err by failing to grant Appellant's Supplemental Motion to Suppress his arrest and subsequent statement in that Commonwealth witness Dean Geiger testified that Defendant took his motor vehicle in Butler County and said testimony thereby constituted a material misrepresentation of the information contained in the Affidavit of Probable Cause filed by Detective Logan which stated that Dean Geiger stated to police officers that Defendant took his motor vehicle in Allegheny County?
>
> II. Did the trial court err by failing to grant Appellant's Motion to Suppress his arrest and subsequent statement in that evidence presented during pre-trial motion testimony demonstrated that Appellant's statement was not knowing, intelligent and voluntary?

---

[1] See: Petition at ¶¶ 1-6.

1

>    III. Did the trial court err by failing to grant Defendant's motion in limine relative to the testimony of Cassie Primer that Lanel Buckner stated to her that he was "beefing" with Defendant and co-defendant Vernon Williams in that said statement was clearly hearsay and not subject to any exceptions to the hearsay rule?
>
>    IV. Did the trial court err by failing to grant Appellant's motion to preclude the testimony of Jequetta Bledsoe relative to overhearing Tosha Peterson speaking to Lanel Buckner on the telephone and warning him that Defendant and co-defendant Vernon Williams were waiting for him behind his residence in that said testimony was hearsay and not properly qualified as an excited utterance statement nor subject to any other exceptions to the hearsay rule?[2]

On July 20, 2005, the latter court affirmed the judgment and sentence.[3] No further timely relief was sought.[4]

A post-conviction petition was filed on August 29, 2006.[5] The latter petition was dismissed as untimely on March 11, 2009 and the petitioner was informed that he had thirty days in which to take an appeal.[6] Petitioner's Second Supplement to the Amended Post-Conviction Petition alleging the discovery of additional witnesses was docketed on March 13, 2009.[7] A hearing on the petition was conducted and on April 9, 2009 the trial court dismissed the petition observing that the "newly discovered evidence" could have been obtained with reasonable investigation prior to trial; was merely cumulative of other evidence presented and for this reason not exculpatory and concluded that had the evidence been presented "there is no reasonable probability that it would have altered the trial's outcome."[8] This conclusion is entitled to a presumption of correctness. 28 U.S.C.§ 2254(e)(1).The court also advised Mahaffrey that he had thirty days to appeal.[9]

An appeal was taken to the Superior Court in which the issues presented were:

---

[2] See: Exhibit 11 to the answer at p.4.
[3] See: Answer at pp.152-171.
[4] See: Petition at ¶9(g).
[5] Id. at ¶11. Appended to the petition is a letter to the petitioner from his attorney advising him "you have exhausted your direct appeal rights in the Commonwealth of Pennsylvania. *Please be advised that you have one year from October 6, 2005, to file a petition pursuant to the Post Conviction Relief Act…*"(emphasis added). Attached to the letter from counsel is the Order of the Supreme Court dated October 6, 2005, denying the petitioner leave to file a petition for allowance of appeal nunc pro tunc. This advice of counsel was clearly erroneous.
[6] See: Answer at p.251.
[7] This filing was presumably made prior to the petitioner becoming aware that his petition had already been dismissed. See: Answer at pp.252-261.
[8] See: answer at pp.277-278.
[9] See: Answer at p.268.

> I. Did the trial court err or abuse its discretion in denying post-conviction relief on the claim of whether Appellant is entitled to a new trial in this matter based on previously unavailable and materially exculpatory evidence, namely an after discovered witness, Landon Lockett, who is willing to testify that a Commonwealth witness, Willie Olds, who provided testimony at the original trial in this matter, could not have been truthful since he was not at the party on the night in question contrary to the testimony provided at the 2003 trial, that this claim is supported by evidence of record, and a genuine issue of material fact exists?
>
> II. Did the trial court err or abuse its discretion in denying post-conviction relief on the claim of whether Appellant is entitled to a new trial in this matter based on previously unavailable and materially exculpatory evidence, namely, as after discovered witness, Raymon Northcutt, who is willing to testify that a Commonwealth witness, Willie Olds, who provided testimony at the original trial in this matter, could not have been truthful since he was not at the party on the night in question contrary to the testimony provided at the 2003 trial, that his claim is supported by evidence of record, and a genuine issue of material fact exists?[10]

On October 12, 2010, the Superior Court affirmed the denial of post-conviction relief on the merits.[11]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the sole issue presented was:

> I. Did the Superior Court of Pennsylvania err when it ruled that the lower court did not err or abuse its discretion in denying post-conviction relief on the claim of whether Petitioner is entitled to a new trial in this matter based on previously unavailable and materially exculpatory evidence, namely two after discovered witnesses, Landon Lockett and Raymon Northcutt, who are willing to testify that a Commonwealth witness, Willie Olds, who provided testimony at the original trial in this matter, could not have been truthful since he was not at the party on the night in question contrary to the testimony provided at the 2003 trial, that this claim is supported by evidence of record, and a genuine issue of material fact exists?[12]

On April 26, 2011 leave to appeal was denied.[13]

In the instant petition executed on June 7, 2011, Mahaffey contends he is entitled to relief on the following grounds:

---

[10] See: Answer at p.289.
[11] See: Answer at p.337-344.
[12] See; Answer at p.355.
[13] See: Answer at p.398.

1. Trial counsel was ineffective for giving petitioner the wrong time he had left to file his PCRA having petitioner's PCRA untimely [filed].

2. Did the trial/PCRA court abuse its discretion when it failed to hear petitioner's first PCRA that was untimely?

3. Trial counsel erred in denying petitioner to call [a]n alibi witness in which the outcome of the proceedings would have been different.

4. Trial court erred when no evidence to support the Commonwealth's theory of petitioner being involved in any incident.

5. Trial court erred on the credibility of witness at preliminary hearing and at trial not objecting to the merits of the trial.

6. Trial court erred when denying petitioner post-sentencing pre-trial motion.

7. Trial court erred denying petitioner the right to subjective trial by co-petitioner's testimony where there had been no prima facie case established at preliminary hearing or at trial.

8. Trial court erred in using the testimony of the witnesses when it had been established that it was only the Commonwealth's witnesses that could have convicted petitioner not on the evidence or by circumstance evidence.

9. Trial court erred in denying any request [defense motions] which would have made the outcome of the trial different.

10. Trial counsel was ineffective for failing to cross-examine Tosha Peterson.

11. Trial counsel was ineffective for failing to cross-examine Jequetta Eledsos.

12. Trial counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court of Pennsylvania on behalf of petitioner.

13. Trial counsel was ineffective for failing to raise weight & sufficiency arguments in petitioner's direct appeal to the Superior Court of Pennsylvania.[14]

The background to this prosecution is set forth in the July 20, 2005 Memorandum of the Superior Court citing the opinion of the trial court:

---

[14] We observe that none of the issues which the petitioner seeks to raise here have been presented to the courts of the Commonwealth in the first instance and for this reason are procedurally defaulted here. 28 U.S.C.§2254(b)(1)(A).

At or about 2:30 a.m. on the morning of November 27, 2002 in the Manchester area of the City of Pittsburgh a shooting occurred resulting in the death of Lanel Buckner. It is uncontested that the victim was shot in the presence of several persons, including Mr. Keith Jones. These persons were occupying a limousine which had been rented by Mr. Jones on November 26, 2002 to take him and some friends to a birthday party at a tavern known as Duets on Sixth Avenue in Downtown Pittsburgh.

According to Ms. Pennybaker and Mr. Ritter (witnesses) the victim left the limousine and began conversing with Mr. Jones and his friends. At that time, two men exited a pick-up truck which was parked nearby and one of the two men shot the victim multiple times with a handgun. The shooter and the other man then re-entered the pick-up and drove off.

The pick-up truck used in the shooting was reported stolen by Dean Geiger prior to this incident. Mr. Geiger identified [Appellant] from a photo array as the individual who took his truck. A warrant was issued for [Appellant's] arrest for Robbery of a motor vehicle and a subsequent arrest was made.

One witness, Cassie Primer, testified at trial that the victim and the two defendants had "beef" with each other. Ms. Primer testified that the victim had been in a shootout with [Appellant] weeks prior to the shooting.

One witness, Tosha Peterson, testified at trial that on an earlier incident she witnessed [Appellant] driving the said pickup truck and a male, Ms. Peterson was unable to identify told her to "tell your baby's dad it's on."

Detective Logan of the Pittsburgh Police Department Homicide Unit received an anonymous tip implicating [Appellant] in the Murder of Lanel Buckner. Detective Logan interviewed [Appellant] in the Allegheny County Jail where he was being held on Robbery charges [i.e., the robbery of Geiger's truck]. Detective Logan advised [Appellant] of his Constitutional Rights and made [Appellant] aware of the possible charges facing him. [Appellant] then implicated himself and Vernon Williams in the shooting of Lanel Buckner. The Pittsburgh Police subsequently arrested [Appellant] and Vernon Williams and the present charges against the two defendants resulted.[15]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[15] See: Answer at pp.152-153.

> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the Superior Court affirmed the judgment of conviction on July 20, 2005; leave to appeal to the Pennsylvania Supreme Court was not sought and his conviction became final on August 19, 2005 when the time in which to seek leave to appeal to the Pennsylvania Supreme Court expired.[16] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here.

The petitioner did not seek post-conviction relief until August 29, 2006, albeit apparently on the incorrect advice of counsel which he now appears to contend provides grounds for the tolling of the federal statute of limitations. Under Pennsylvania law, a post-conviction petition must be filed within one year of the conviction becoming final and the trial court made a determination that the post-conviction petition filed on August 29, 2006 was untimely under Pennsylvania law. For this reason the initial post-conviction petition was dismissed on March 11, 2009.[17] However, this time limitation is waived under Pennsylvania law under certain circumstances including "the facts upon the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."[18] Accordingly, the post-conviction court addressed his second petition and concluded that it was without merit.

---

[16] Rule 1113, Pa.R.App.P.
[17] 42 Pa.C.S.A. §9545(b); answer at p.at p.251.
[18] 42 Pa.C.S.A. §9545(b)(ii).

Mahaffey now comes before this Court and argues that as a result of the miscalculation by counsel, the federal statutory limitation should not be imposed. However, in <u>Lawrence v. Florida</u>, 549 U.S. 327 (2007), the Court held that an incorrect calculation of time limitations by counsel does not provide a basis for equitable tolling. See also, <u>Johnson v. Henricks</u>, 314 F.3d 159, 163 (3d Cir.2002) cert. denied 538 U.S. 1622 (2003). Additionally, in <u>Fahy v. Horn</u>, 240 F.3d 239 (3d Cir.) cert denied 534 U.S. 944 (2001) the Court held that the federal statute of limitations is to be applied in conformity with federal and not state law.[19] Thus, the instant petition which was executed almost six years after his conviction became final is time barred.

Additionally, as the respondents note, even if the state courts determined that an equitable waiver should be granted and that waiver applied here, the petition here is still untimely. Mahaffey's conviction became final on August 19, 2005 but counsel erroneously informed him that the finality date was October 6, 2005. Even if one were to excuse this misinformation and grant him an extension to file a post-conviction petition based on counsel's faulty advice, his post-conviction petition was filed on August 29, 2006 or 329 days after October 6, 2005. The denial of post-conviction relief became final on April 26, 2011 and the instant petition was not executed until June 11, 2011 or 46 days later. Thus, combining the initial delay in seeking post-conviction relief with the delay in filing here, in excess of one year has expired and for this additional reason, the petition here is time barred.

Thus, for either reason or both the instant petition is time barred here, and it is recommended that the petition of Curtis Mahaffey for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: September 1, 2011                                         Respectfully submitted,
                                                                 s/ Robert C. Mitchell
                                                                 United States Magistrate Judge

---

[19] We note that in <u>Fahy</u>, the Court appeared to take a more relaxed view of the equitable tolling provisions in light of the fact that it was a capital case.